JEAN RECTOR, PLAINTIFF-RESPONDENT, v.
EUGENE RECTOR, DEFENDANT-APPELLANT.

Argued April 3, 1973—Decided May 7, 1973.

578

*Mr. Stephen J. Marshall* argued the cause for appellant (*Mr. Herbert M. Barnes,* attorney).

*Mr. Donald T. Di Francesco* argued the cause for respondent (*Messrs. Appezzato & Di Francesco,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. This is an appeal in a divorce case in which certification was granted by this Court on its own motion prior to argument in the Appellate Division to consider appellant's contention that the equitable distribution of marital assets provision of the amended Divorce Act, *L.* 1971, *c.* 212, should not be construed to authorize equitable distribution of property acquired by bequest. On reviewing the record, we find that the case does not involve such question.

On November 30, 1971 plaintiff Jean Rector filed suit against her husband Eugene Rector for divorce on the

grounds of extreme cruelty. She was granted an uncontested divorce on the grounds asserted, and was awarded custody of the three children of the marriage and support. The judgment, dated March 6, 1972, also contains the following provision:

"7. Out of the trust fund of which the defendant is a beneficiary under the will of C. Eugene Rector, there shall be set aside forthwith three separate trust funds of $10,000.00 each, one for each of the three children of the marriage, which sums, plus interest accrued, shall be used for the college educations of each of said children, provided, however, that said child shall matriculate in a college in the term immediately following her graduation from high school and shall continue to attend college for four consecutive years; and provided, further, that if any child becomes emancipated prior to graduation from college, then the trust fund so set up for said child shall revert to the defendant. A copy of this Judgment shall be forwarded to Mildred Orr Rector and E. L. Loftin, Trustees under the Will of said C. Eugene Rector, and shall be their authority to set aside the trust funds herein referred to."

The foregoing paragraph relates to a testamentary trust established under the Last Will and Testament and Codicils thereto of C. Eugene Rector, the father of defendant, who died a resident of North Carolina where the will and codicils were admitted to probate. Under the terms of the trust presently being administered in North Carolina the trustees are to pay the annual income of the trust over to defendant until he reaches the age of 35 years, at which time he is to receive all of the trust property. The corpus of the trust is estimated to be $90,000. (Defendant is now 33 years of age.)

Paragraph 7 of the Final Judgment purports to modify the terms of the testamentary trust established in North Carolina. In effect it directs the trustees in North Carolina to establish three sub-trusts forthwith out of the trust assets and administer them as provided in paragraph 7 of the judgment.

Paragraph 7 is not a provision for equitable distribution between husband and wife of property acquired during marriage. Rather, it is an order as to the education of the

children and attempts to establish "security for the due observance" thereof. *N. J. S. A.* 2A:34–23.

■ The provision in question was beyond the power of the court to enter. New Jersey had no jurisdiction over the trust, the trustees or the trust assets. The court was without power to modify the terms of a testamentary trust established in North Carolina. There was no evidence of fiduciary activity in this State by the North Carolina trustees such as would establish minimum jurisdictional contacts and permit the joinder of the trustees as parties defendant. *N. J. S. A.* 3A:12–7; *Farone v. Habel,* 22 *N. J.* 66 (1956). By paragraph 7, as entered, the trial court overreached its jurisdiction.

■ While we hold that the particular paragraph was beyond the power of the court to enter, the objective sought to be attained, namely provision for the education of the children with the requirement of reasonable security for the due observance of the court's order, was entirely proper. *N. J. S. A.* 2A:34–23. See *Grotsky v. Grotsky,* 58 *N. J.* 354 (1971).

Our review of the record satisfies us that defendant should be ordered to provide for the education of his children and give such security as is and may become available. Accordingly, we remand this case to the trial court with instructions to modify paragraph 7 of the Final Judgment so as to order defendant to provide for his children's education, and by appropriate means, assignment of his interest in the trust, or otherwise, give reasonable security for the due observance of the court's order.

*For affirmance as modified and remandment*—Justices PROCTOR, HALL, MOUNTAIN and SULLIVAN, and LEWIS—5.

*Opposed*—None.