GEORGE J. DAVIS AND ISADORE SOLOMON, TRADING AS
DAVIS-SOLOMON COMPANY, PLAINTIFFS-APPELLEES,
v. CLINTON M. FREEMAN, DEFENDANT-APPELLANT.

Argued November 8, 1923—Decided February 19, 1924

**Husband and Wife—Liability of Husband for Wife's Necessities —Plaintiff Must Show the Necessity of the Articles for One in the Particular Station in Life—Appeal From Order of District Court Setting Aside Verdicts—Appeals Can Only be From Final Judgment—Power of District Court to Set Aside Verdict Should be Exercised With Caution.**

On appeal from the District Court of the city of Orange.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Burnett, Sorg, Murray & Duncan* (by *George R. Bailey*).

For the plaintiffs-appellees, *Simon Englander*.

PER CURIAM.

The appellant, the defendant below, appeals from an order of the District Court of the city of Orange, setting aside a judgment rendered for the defendant and granting to the plaintiffs a new trial.

Edna D. Freeman was the wife of Clinton M. Freeman, the defendant below. Mrs. Freeman was the owner and possessor of two fur coats, one a baby caracul, trimmed with Australian opposum; the other a grey squirrel. These coats had just been renovated by the plaintiffs at considerable cost.

Notwithstanding the possession and ownership of these two outer garments, Mrs. Freeman yearned for another fur coat to protect her body from the winter winds. She ordered the plaintiffs to make her one of Hudson seal. Four hundred and twenty-five dollars was to be the price. This coat was delivered to her and, strange as it may seem, was a perfect fit. The purchase of the coat, however, resulted in

a disagreement with her husband, who was not on very friendly terms with his wife at the time, having just instituted a suit against her on the ground of adultery. Under the circumstances, Mrs. Freeman was tactful, at least, with her husband, and returned the coat.

The plaintiffs then instituted suit against Mr. Freeman for the value of the coat. One of the plaintiffs, Mr. Davis, and Mrs. Freeman testified to the purchase of the coat. There was no evidence offered to show that the third fur coat was a necessary for Mrs. Freeman, or the financial worth of Mr. Freeman. Counsel for Mr. Freeman offered no testimony. A motion to nonsuit was made and denied. The case was submitted to the jury, which found a verdict for the defendant.

After the verdict in favor of the defendant the court allowed to the plaintiffs a rule to show cause why a new trial should not be granted. The plaintiffs contended, first, that the verdict was against the weight of the evidence, and secondly, that a statement made by the counsel for the defendant in his opening, to the effect that he desired the jury to carefully examine the testimony of Mrs. Freeman, in the event of her becoming a witness, because there might be some animus on her part, as Mr. Freeman had brought a divorce against her on the ground of adultery, naming a specific co-respondent, had prejudiced the jury against the plaintiffs.

Upon the return of this rule the court held that the verdict should be set aside and a new trial granted on the ground that the opening remark of the defendant's counsel, which has been quoted, was improper and probably had prejudiced the jury. The court also held as an additional reason for granting a new trial that there was no evidence presented by the defendant to meet the testimony made by the plaintiffs and their witnesses. The order setting aside the verdict and granting a new trial has been appealed to this court.

We think the remarks made by the defendant's counsel in his opening were improper, but no exception was taken thereto at the time they were made, and no request was

made of the court to withdraw a juror and declare a mistrial. The plaintiff's counsel preferred to continue the case. To grant a new trial on this ground was not, however, in our opinion, proper because the plaintiff's counsel could not continue with the trial of the case and speculate with his chances of success, and then if he failed to obtain a verdict ask the court to set aside a verdict for the defendant on the ground of the impropriety of a remark of opposing counsel to which he had not objected at the time it was made. It is similar to a case where counsel know of some misconduct of a jury and without notifying the court at the time of learning of the misconduct continue with the trial.

In the case of *Consolidated Ice Machine Co.* v. *Trenton Hygiene Ice Co.*, 57 *Fed. Rep.* 898, the jury had, during the trial, examined ice made by the defendant company. This was known to counsel for the defendant. They went on with the trial without calling the court's attention to the matter. A verdict was returned against the defendant. An application for a new trial was made on the ground of this misconduct. It was held that the defendant had waived its right to object thereto and could not have a new trial on this ground.

In the present case the plaintiffs waived whatever right they had by continuing the trial after the remarks were made by the defendant's counsel without objection of their counsel thereto. In our opinion the trial court was also not justified in setting aside the verdict on the second ground assigned by the court for granting a new trial. The defendant had a right not to put in any evidence if he and his counsel believed that the evidence of the plaintiff was not sufficient to sustain a verdict. There was no evidence, as has been stated, of the financial ability of Mr. Freeman or of his station in life, from which it could be determined whether or not the coat was a necessary. To hold a husband responsible for goods purchased by his wife it is necessary to show the wife's authority to make the purchase, or the husband's ratification of the purchase, or that the article purchased was a necessary. *McCreery & Co.* v. *Martin,* 84

*N. J. L.* 626.   It seems to us that where a husband has supplied his wife with two fur coats, that the third fur coat can hardly be deemed a necessary, especially in the absence of evidence as to the wealth or station in life of the husband.

The trial court, in our opinion, should not have set this verdict aside.   But we think that the rule to set aside the verdict is not the subject of an appeal to this court.   An appeal to this court must be from a final judgment of the District Court.   The setting aside of the verdict simply left the case in the situation in which it was before the trial. Counsel for the appellant argues that the trial judge abused his discretion in setting aside the verdict.   We do not think this is a question which this court can take cognizance of in the present situation of the case.   A District Court judge has by statute the power to set aside verdicts.   This power is an important one and should be exercised with thought and caution.   As there will be a retrial of this case we have thought it best to go somewhat into the law of the case. The rule will be dismissed, for the reason given.