EDWIN L. GRUENBERG, TRADING AS GRUENBERG RA-
DIO, PLAINTIFF-APPELLANT, v. COLIN DOUGLAS AND
LILLIAN DOUGLAS, DEFENDANTS-RESPONDENTS.

Submitted May 14, 1937—Decided July 13, 1937.

·Before Justices LLOYD, CASE and DONGES.

For the appellant, *Nathan Baker*.

For the respondents, *Meyer Friedman*.

LLOYD, J. The action in the District Court was to recover
the balance due on a radio which the plaintiff sold and charged
on its books to the defendant Lillian Douglas and for which
it seeks to hold the husband liable on the theory of the article
being a necessary under the circumstances. There was a
judgment for the plaintiff against the wife and a nonsuit as
against the husband, and plaintiff appeals from the judgment
in favor of the husband.

The plaintiff proved that Mrs. Douglas in December, 1930,
while her husband was in Europe, entered into an agreement
in her own name to purchase the radio and that it was
delivered in pursuance of the agreement. On this she paid
various sums aggregating $100. The balance not being paid,
the present action was instituted against both husband and

wife on May 25th, 1935, the husband sought to be held on the theory that this was a necessary to a wife in the circumstances in which they were living.

After proving the contract and the plaintiff producing evidence tending to show that the radio was sold on the credit of the husband, the husband defendant was called as a witness by the plaintiff and testified that there were already two radios in the house at the time, a large cabinet one in good order; the other a smaller one, and that he had given his wife ample funds for her wants during his absence.

The law undoubtedly makes a husband responsible to a tradesman who furnishes necessaries to his wife while they are living together; necessaries suitable to their station in life, and there is no contention here that a radio is not reasonably necessary in one's home. The claim in the court below and here is that it was incumbent on the plaintiff to go further and show that the radio was necessary in this particular case, and that instead of doing so, the plaintiff proceeded to prove the absence of such need.

We agree with this view. See *McCreery & Co.* v. *Martin,* 84 *N. J. L.* 626. The plaintiff's own proofs not only failed to establish that the particular radio was necessary in the home of the defendants, but on the contrary produced affirmatively evidence showing that it was not necessary. The belated action which it instituted several years after the sale to the wife and charge to her on its books, we think was properly nonsuited, and the judgment is affirmed, with costs.