224 N.J. Super. 427 (1988)
540 A.2d 913
ANTHONY DARMANIN, PLAINTIFF-RESPONDENT,
v.
LENORE DARMANIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 24, 1988.
Decided April 22, 1988.
*428 Before Judges FURMAN, BRODY and LONG.
Cohen & Kron, attorneys for appellant (Lawrence P. Cohen, on the brief).
Boyar, Higgins & Hayden, attorneys for respondent (Katharine Sweeney Hayden, on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
The issue in this appeal is whether a court may award counsel fees to sanction the party assessed for failing to make a prima facie showing of changed circumstances on her motion for increased child support. We hold that counsel fees may not be assessed in a family action as a sanction for asserting an unsuccessful claim or raising an unsuccessful defense.
Defendant (the wife) moved for an increase in support payments for the two children of the marriage based on changed circumstances. Lepis v. Lepis, 83 N.J. 139 (1980). The court refused to order discovery into the finances of plaintiff (the husband) because the wife's certification fell short of the prima facie showing required by Lepis. Id. at 157.
*429 The wife relied on an increase in the consumer price index, on the level of expenses of her present household which since the divorce has included her mother, and on the fact that the children have become older since the parties had agreed upon the level of the children's support in April 1981. The trial judge held that a prima facie showing required that the wife submit evidence of current expenses specifically attributable to the children and their expenses in 1981[1] so that he could make the necessary comparison. The judge denied the request of the wife's attorney to continue the motion to give him time to supplement the wife's certification, but he denied her motion without prejudice so that she could immediately renew it.
Upon denying the wife's motion, the judge granted the husband's motion for counsel fees for the following reasons:
But I'm also going to, because I think the defendant  the plaintiff in this case was put to expenses of defending this action, I think it's equitable under the circumstances to award the plaintiff attorney's fees because they were put to the expense of coming here and defending against this thing, and so, so that's my determination.
The judge made no findings regarding the need of the husband or the ability of the wife to pay the husband's counsel fees. In the course of argument on the wife's motion, the judge had acknowledged that the husband's annual earnings were $51,144 and the wife's $20,000. The judge was unable to make the award at the time because the husband's attorney had not prepared an affidavit of services.
The judge thereafter ordered the wife to pay $916.65 of the $1,765.40 counsel fees and costs that the husband had incurred in opposing her motion. The matter of counsel fees was again before the trial judge on the wife's motion to reconsider the award. In denying that motion the judge enlarged somewhat upon his reasoning:

*430 One thing that should be made clear is when I denied the Lepis application I did not deny it with prejudice, but I sensed that it would be in the interests of the parties if the matter could be resubmitted again upon a proper showing. I did not find that the inadequacies of the showing made lay in the factual situation but rather in the presentation and the submission of the certifications.
* * * * * * * *
I found [at the prior hearing] that the award of counsel fees here was equitable. I also believe that the financial burden of defending against an application made under Lepis, which I found was not warranted, when cast upon the moving party should deter the moving party from exercising the option given to her again under the without prejudice denial unless there has indeed been an adequate showing the next time around. In this way the denial without prejudice was given some teeth which were used for the protection of the party who was brought into Court in view of an inadequate application.
However "equitable" it may be to order an unsuccessful party to pay an adversary's counsel fees, the practice is generally prohibited. The general rule applies even where it may appear, as it does not here, that the unsuccessful party had asserted a claim or raised a defense in manifestly bad faith. Chief Justice Weintraub explained the basis for the prohibition in Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960), where he observed:
Although the sanction of counsel fees against a plaintiff who sues or a defendant who defends in manifest bad faith has much to commend it, yet the problem of confining allowances to precisely that situation in actual practice would be a formidable one. At any rate, the rule of court adopted the policy that except in the situations within its terms each litigant shall bear the expenses of prosecuting and defending his individual interests. [Citations omitted.]
The rule referred to by the Chief Justice is now R. 4:42-9. The trial judge relied upon the following exception under the rule:
(a)(1) In a family action, the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance and enforcement of interspousal agreements relating to family type matters. Any pendente lite allowance may include a fee based upon an analysis of prospective services to be performed.
In Williams v. Williams, 59 N.J. 229, 233 (1971), a case where the wife was a dependent spouse, the Supreme Court *431 identified a minimum of three factors that must be considered by a judge in exercising a court's discretion to award counsel fees in family actions:
In deciding whether a wife is entitled to counsel fees and costs, our courts focus on several factors, including the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action. [Citations omitted.] Those factors being met, it is the policy of our law that counsel fees and costs in matrimonial actions are properly the obligation of the husband and he should be compelled to furnish them to the wife. In this respect, counsel fees and costs are not unlike other categories of "necessaries," which the law compels the husband, the usual repository of family finances, to furnish to the wife. [Citations omitted.]
Although the three Williams factors have frequently been cited in later cases, the factor of good faith has not been given particular attention.
In considering whether to award counsel fees in a family action, the judge must consider the three Williams factors as follows: the party requesting the award must be in financial need, the party against whom the award is to be assessed must have the financial ability to pay, and, where the first two factors have been established, the party requesting the fees must have been acting in good faith in asserting the claim or raising the defense that incurred the fees. The trial judge erred by awarding counsel fees on the basis of the bona fides of the wife, the party against whom the fees were assessed.
Bad faith of a party in a family action may not be the basis for assessing counsel fees against that party. Our interpretation of the good-faith factor finds support in the express language of the Williams opinion and by that court's reference to the doctrine of "necessaries." Ibid.
In considering whether a husband should pay a wife's counsel fees, the court said that a factor is "the wife's good faith in instituting or defending the action." Ibid. The court made no reference to the bona fides of the husband.
The doctrine of necessaries permits a creditor to recover from the spouse of a debtor a debt incurred for necessaries if the debtor does not have the financial resources to pay and the *432 spouse does. Jersey Shore, Etc. v. Estate of Baum, 84 N.J. 137, 151 (1980). A creditor may not look to the spouse for payment, however, if the debt is not for necessaries. Saks & Co. v. Bennett, 12 N.J. Super. 316 (App.Div. 1951). See Gruenberg v. Douglas, 118 N.J.L. 398, 398-399 (Sup.Ct. 1937) (a third radio is not a necessary) and Davis v. Freeman, 2 N.J. Misc. 79, 81-82 (Sup.Ct. 1924) (a third fur coat is not a necessary). Thus an attorney who furnishes services to an impecunious client to assert a claim or raise a defense in bad faith may not look to his client's spouse for payment of his fees because he did not furnish services that were necessary.
Here the trial judge made no findings respecting the husband's need or the wife's ability to pay his counsel fees. Even if the judge had found that the wife made her motion in bad faith, her bad faith may not be the basis for compelling her to pay the husband's counsel fees.
Reversed.
NOTES
[1] There is an unresolved dispute over whether the year for establishing the original level of support should be 1981 when the parties entered into the agreement or 1983 when the agreement, as modified in other respects, was incorporated in the judgment of divorce.