NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

February 5, 2021

VIA eCourts
Lawrence S. Berger, Esq.
Berger & Bornstein, LLC
237 South Street, P.O. Box 2049
Morristown, N.J. 07962-2049

VIA eCourts
Gregory B. Pasquale, Esq.
Shain Schaffer
150 Morristown Road, Suite 105
Bernardsville NJ 07924

> Re:  B&D Associates Ltd. vs Township of Franklin
> Docket Nos. 006112-2017; 006387-2018

Dear Counsel:

This letter constitutes the court's opinion with respect to plaintiff's motion for sanctions and award of legal fees pursuant to R. 1:4-8(b). For the reasons set forth below, the court denies plaintiff's motion.

## BACKGROUND

B&D Associates Ltd. ("plaintiff") filed timely complaints appealing the tax assessments of property located at Block 517.02, Lot 20.02 on the tax map of the Township of Franklin ("defendant") for the 2017 and 2018 tax years.






*

On July 27 defendant filed a motion for summary judgment.[1]  The court heard oral argument on the defendant's motion on August 11, 2020 and September 11, 2020 and in an opinion dated October 26, 2020 and approved for publication on November 2, 2020, the court denied defendant's motion.  On October 30, 2020 plaintiff moved for reconsideration of the court's order, requesting that it "rule on issues raised by the parties but not addressed by the [c]ourt."  In an order dated December 7, 2020, the court denied the plaintiff's motion for reconsideration.

Plaintiff now moves for sanctions and legal fees pursuant to R. 1:4-8 with regards to the motion for summary judgment.  Defendant filed opposition to the motion and plaintiff filed a reply brief to the opposition.  Oral argument was heard in the matter on February 5, 2021.

**LEGAL ANALYSIS**

R. 1:4-8(a), provides that:

> [b]y signing, filing, or advocating a … written motion … an attorney … certifies that to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the factual allegations have evidentiary support, or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

---

[1] Although the motion is dated July 2, 2020, the motion was not filed with the court until July 27, 2020.  The certification of service filed with the motion indicates that it was field electronically on July 2, 2020 and was served upon plaintiff via the eCourts filing and by "regular first-class mail" upon plaintiff's counsel.  Despite the late filing on eCourts, it appears service was made upon plaintiff's counsel because opposition was filed in eCourts on July 27, 2020 at 12:34 pm, some five hours before the motion for summary judgment was filed in eCourts by plaintiff.  See pleadings filed in electronic case jacket in eCourts.

2

(4) the denials of factual allegations are warranted on the evidence or … reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

When a pleading is not compliant with R. 1:4-8(a), an application for sanctions may be made pursuant to R. 1:4-8(b). That rules provides:

An application for sanctions under this rule shall be by motion …. No such motion shall be filed unless it includes a certification that the applicant served written notice and demand pursuant to R. 1:5-2 to the attorney … who signed or filed the paper objected to. The certification shall have annexed a copy of that notice and demand, which shall (i) state that the paper is believed to violate the provisions of this rule, (ii) set forth the basis for that belief with specificity, (iii) include a demand that the paper be withdrawn, and (iv) give notice, except as otherwise provided herein, that an application for sanctions will be made within a reasonable time thereafter if the offending paper is not withdrawn within 28 days of service of the written demand.

[R. 1:4-8(b)(1)]

The motion for sanctions must be filed "no later than 20 days following the entry of final judgment." R. 1:4-8(b)(2).

"New Jersey follows the American Rule, which requires that parties bear their own counsel fees except where specifically permitted by statute or where authorized by the Supreme Court of New Jersey." In re Farnkopf, 363 N.J. Super. 382, 395 (App. Div. 2003) (citation omitted). New Jersey courts have a strong policy against the shifting of counsel fees. Ibid.

Despite New Jersey's strict adherence to the American Rule, the New Jersey Supreme Court has reasoned that the court has an inherent power to award attorney's fees by way of sanction. Segal v. Lynch, 211 N.J. 230, 255 (2012) (citing Dziubek v. Schumann, 275 N.J. Super. 428. 439-40 (App. Div. 1994)). The court's inherent power may be exercised "to sanction a party

3

for behavior that is vexatious, burdensome and harassing. See, e.g., <u>Brundage v. Estate of Carambio</u>, 195 N.J. 575, 610 (2008) (recognizing inherent power of courts to sanction parties as means of enforcing ordinary rules of practice)." <u>Segal</u>, 211 N.J. at 255. In making this observation, the Court emphasized that "[a]lthough it is a power that should be invoked sparingly," there may be "compelling circumstances" to support an award of attorney fees "on that alternate ground." <u>Ibid.</u>

Filing of frivolous pleadings can result in responsibility for payment of counsel fees shifting. <u>In re Farnkopf</u>, 363 N.J. Super. at 397. "<u>R.</u> 1:4-8(b) … permit[s] such awards in appropriate circumstances." <u>Ibid.</u> However, <u>R.</u> 1:4-8 creates attorney liability for frivolous pleadings and not the party, which is subject to fees pursuant to N.J.S.A. 2A:15-59.1. <u>Ibid.</u> In the context of N.J.S.A. 2A:15-59.1, the term "frivolous" has been accorded a restrictive interpretation limiting sanctions to claims "made in bad faith, solely for the purpose of harassment, delay, or malicious injury, or without any reasonable basis in law or equity." <u>Troicki Plastic Surgery Center v. Bartowski</u>, 344 N.J. Super. 399, 406-07 (App. Div. 2001).

Here, plaintiff argues that the motion for summary judgment filed by defendant on July 27, 2020 was frivolous and that sanctions and attorneys' fees are warranted. Plaintiff asserts that it complied with the requirements in <u>R.</u> 1:4-8(b)(1) for the filing of motions for sanctions. Plaintiff certifies that the notice required under the rule was provided to defendant's counsel on July 14, 2020 and although served less than the 28-day period required by the rule, offered defendant the option of adjourning the return date of the motion in order that it might have 28-days in which to consider the demand. Plaintiff's notice demanded that the motion be withdrawn because

> [t]he [m]otion for [s]ummary [j]udgment is without any reasonable basis in fact or law. Your motion is based on the claim that [p]laintiff did not have standing as an aggrieved taxpayer when it filed tax appeals for the tax years 2017 and 2018 because a judgment

4

of foreclosure was entered against [p]laintiff in 2014. Your claim is without basis because the [J]udgment of [f]oreclsoure is immaterial to taxpayer standing for tax appeal purposes.

Defendant filed opposition to this motion, arguing that its motion wasn't frivolous as the issue was presented in good faith and was one of first impression. In support, defendant points to the issuance of a published opinion in the matter and the facts underlying the motion for summary judgment. In response, plaintiff continues to maintain that the issue was "settled for over one-hundred years" and that the motion was frivolous.

As is made clear by Judge Brennan's published opinion in this matter, the question of whether plaintiff is an aggrieved taxpayer was not settled law. Although settled law is that the entry of a judgment for foreclosure does not bar a foreclosed defendant from redeeming his equity, the question of whether a foreclosed defendant maintains an interest as an aggrieved taxpayer had never been addressed by the court.

The court finds that the motion brought by defendant was not frivolous. The question presented for resolution was not one of settled law. Furthermore, the court finds that the motion was brought for a proper purpose; if defendant was successful, it would have been proper to dismiss plaintiff's claim. The factual allegations made by defendant in support of its motion had evidentiary basis, and as noted above, the application of the law to those facts was not settled.

Moreover, the court does not find that the actions of defendant in filing the motion for summary judgment constitutes circumstances against which the rule was intended to combat. There was a good faith basis for defendant's motion.

Finally, defendant requests that it be awarded expenses and attorney's fees for its opposition to this motion as the prevailing party. R. 1:4-8(b)(2) provides, in part, "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorneys'

5

fees incurred in presenting or opposing the motion." The court does not find the award of fees and costs in respect of this motion is warranted. Plaintiff brought the within motion on the good faith belief that having prevailed before the court on the motion for summary judgment, its demand that the motion be withdrawn as a frivolous pleading was justified.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for sanctions under R.1:4-8 is denied and defendant's request for fees in defending this motion are denied.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.