# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2806-23

N.C.,[1]

    Plaintiff-Respondent,

v.

C.N.,

    Defendant-Appellant.

_____

Submitted November 5, 2025 – Decided November 21, 2025

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FD-18-0458-20.

Manzi Epstein Lomurro & DeCataldo, LLC, attorneys for appellant (Ashley Vallillo Manzi and Jonathan H. Blonstein, of counsel and on the brief).

Respondent has not filed a brief.

---

[1] We use initials to protect the confidentiality of the parties and child. R. 1:38-3(d).

PER CURIAM

In this non-dissolution matter involving custody and parenting time, defendant C.N. appeals from paragraphs one, two, and three of an April 3, 2024 Family Part order awarding plaintiff N.C. $130,653 in counsel fees. We reverse and remand the award of counsel fees because the judge did not analyze the factors required by Rules 5:3-5(c), 4:42-9, and RPC 1.5(a).

I.

We derive the following facts and procedural history from the record. The parties were in a relationship from 2005 to 2011 but never married. They have a child in common who was born in 2009. The parties initially agreed to a fifty-fifty parenting time arrangement. In 2019, both parties filed applications for custody. On February 12, 2020, the parties entered into a consent order resolving the custody and parenting time issues. Defendant was designated as the parent of primary residence (PPR), and plaintiff was designated as the parent of alternate residence (PAR).

On April 19, 2022, plaintiff failed to produce the child for defendant's parenting time. The police were called, and the child was returned to defendant. According to defendant, the child explained that plaintiff screamed at her and told her she could not leave until she took her sweatshirt off, believing the child

was hiding cash stolen from her grandparents.  The child alleged plaintiff patted her down, hit the child's arm, and "squish[ed]" her face.

Based on her suspicion plaintiff was physically abusing the child, defendant filed an emergent order to show cause (OTSC) seeking sole legal and physical custody and suspending plaintiff's parenting time and communications with the child.  Defendant requested plaintiff undergo a psychological evaluation and risk assessment.  The Division of Child Protection and Permanency (DCPP) became involved and conducted an investigation.  The judge denied the OTSC but suspended plaintiff's parenting time pending the DCPP investigation.

On May 11, 2022, plaintiff filed an OTSC seeking sole legal and residential custody.  In his certification in support of the OTSC, plaintiff stated the child was speaking with adult strangers on the internet, selling pictures of her body for money, sexting with pornographic images, vaping, and stealing money to purchase sneakers.  Plaintiff claimed defendant failed to acknowledge the seriousness of the child's conduct, ignored communications from his counsel, and feared the child might be sexually exploited or trafficked.  Among other things, plaintiff certified defendant violated the terms of the consent order by taking the child from school during his parenting time, encouraging her to

hide in school bathrooms to avoid him, and using vacations and gifts to manipulate her.

The judge denied plaintiff's application for sole legal and residential custody and other relief sought. However, the judge ordered the child to refrain from using electronic devices except for supervised academic purposes. The judge found plaintiff's concerns about abduction or trafficking were speculative.

The parties engaged in further motion practice addressing parenting time issues, therapy, child support, medical, and other expenses. On October 28, 2022, the judge entered an order granting plaintiff supervised parenting time. On January 24, 2023, plaintiff filed a motion seeking a plenary hearing to change custody and suspend defendant's parenting time pending a risk assessment. Plaintiff certified the child was suspended from school due to problematic behavior and that he was never informed about it.

Defendant filed a cross-motion seeking to deny plaintiff's requested relief in his motion. Defendant sought to maintain the status quo custody arrangement. On April 27, 2023, the judge ordered a five-day plenary hearing to occur between October and December 2023, following a period of discovery, to address the issues raised in the motion and cross-motion and reserved decision.

A-2806-23

On January 26, 2024, the judge issued a written decision. The judge determined the parties would continue to have joint legal custody of the child but transferred sole physical custody to plaintiff, designating him as the PPR and defendant as the PAR. The judge ordered the child to reside with plaintiff's parents and granted them joint legal custody until reunification therapy was successful. Defendant was granted parenting time every other weekend. Plaintiff was granted supervised parenting time with his parents acting as supervisors. The judge analyzed the N.J.S.A. 9:2-4 factors and detailed his findings. The judge terminated plaintiff's prior child support obligation.

The judge awarded plaintiff counsel fees and costs and directed his counsel to submit a certification of services. In his decision, the judge cited Rules 4:42-9(a)(1), 5:3-5(c), RPC 1.5(a), and the relevant case law. The judge reasoned much of the litigation between the parties was "unnecessary" and "could have been avoided with cooperation or communication." The judge found plaintiff's position on custody and parenting time was "reasonable."

In addition, the judge determined defendant "engaged in bad faith litigation tactics" and took "unreasonable" positions such as seeking sole legal and physical custody of the child. The judge noted defendant "sought to thwart

the parenting time arrangement and negate any chance of a loving bond" between the child and plaintiff. The judge stressed defendant "came before the court knowing that she has <u>not</u> complied with previous court [o]rders," refused to comply with the therapist's recommendations, and showed "contemptuous behavior all along."

The April 3, 2024 Order

After considering the certification of services submitted by plaintiff's counsel and the opposition filed by defendant's former counsel, the judge issued an order on April 3, 2024, granting plaintiff's counsel $130,653 for counsel fees and costs to be paid by defendant in two installments: $60,000 by June 14, 2024, and $70,653 by August 1, 2024. In his April 3, 2024 oral opinion, the judge held the counsel fee award "shall be non-dischargeable as a family support obligation." The judge referenced the statement of reasons from his January 26, 2024 order. This appeal followed.

On appeal, defendant argues the April 3, 2024 order granting plaintiff fees and costs must be reversed because he did not satisfy his burden of proof entitling him to counsel fees. In the alternative, defendant contends a remand is necessary because the judge's findings pertaining to counsel fees were incomplete and erroneous. Defendant also asserts the judge abused his

6

discretion and went against the weight of the evidence in awarding counsel fees and costs to plaintiff. Defendant does not challenge the custody and parenting time decisions on appeal.

## II.

Counsel fee determinations, "rest[] within the sound discretion of the trial judge." Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App. Div. 2008) (quoting Loro v. Colliano, 354 N.J. Super. 212, 227 (App. Div. 2002)). "We will disturb a trial court's determination on counsel fees only on the 'rarest occasion[],' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Generally, "the party requesting the fee award must be in financial need and the party paying the fees must have the financial ability to pay, and if those two factors have been established, the party requesting the fees must have acted in good faith in the litigation." J.E.V. v. K.V., 426 N.J. Super. 475, 493 (App. Div. 2012) (citing Guglielmo v. Guglielmo, 253 N.J. Super. 531, 545 (App. Div. 1992)). When both parties have a "sufficient ability to satisfy [their] attorney's fee obligation, and neither . . . proceeded in bad faith," the court may justifiably deny the award of counsel fees. Reese v. Weis, 430 N.J. Super. 552, 586 (App.

Div. 2013). Rule 4:42-9(a)(1) authorizes a court to make a fee allowance both pendente lite and on final determination, pursuant to Rule 5:3-5(c). Rule 5:3-5(c) provides a court with the discretion to make an allowance of counsel fees in family matters, if supported by an affidavit of services, and provides factors for analyzing an award of counsel fees. The court considers the following factors:

> (1) the financial circumstances of the parties;
>
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
>
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
>
> (4) the extent of the fees incurred by both parties;
>
> (5) any fees previously awarded;
>
> (6) the amount of fees previously paid to counsel by each party;
>
> (7) the results obtained;
>
> (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and
>
> (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

A-2806-23

Rule 5:3-5(c) also addresses the factors enumerated by RPC 1.5(a), which ultimately requires a lawyer's fee to be reasonable.  RPC 1.5(a) requires the court to consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.
>
> [RPC 1.5(a).]

A trial court's failure to consider the appropriate factors, make the required findings, and state its conclusions of law, constitutes a clear abuse of discretion.  See Saffos v. Avaya, Inc., 419 N.J. Super. 244, 271 (App. Div. 2011).  Ordinarily, the purpose of a counsel fee award in a matrimonial action is to equalize the relative financial resources of the parties.  J.E.V., 426 N.J. Super. at 493 (citing Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)).

"Simple omnibus references to the rules without sufficient findings to justify a counsel fee award makes meaningful review of such an award

9

impossible . . ." Loro, 354 N.J. Super. at 228. If the court performs its obligation under the statute and rules, and "there is satisfactory evidentiary support for the trial court's findings, 'its task is complete and [a reviewing court] should not disturb the result, even though it . . . might have reached a different conclusion were it the trial tribunal.'" Reese, 430 N.J. Super. at 568 (quoting Beck v. Beck, 86 N.J. 480, 496 (App. Div. 2013)). Conversely, a remand is appropriate if the trial court fails to adequately explain an award or denial of counsel fees. See Giarusso v. Giarusso, 455 N.J. Super. 42, 54 (App. Div. 2018) (citing Loro, 354 N.J. Super. at 227-28).

III.

A.

Defendant first argues the judge erred in granting plaintiff counsel fees and costs because he failed to meet his burden of proof under N.J.R.E. 101(b), which addresses the obligation a party must meet in order to prevail on a claim or defense. Defendant maintains plaintiff's counsel's certification of services did not adequately address many of the pertinent factors. In particular, defendant contends Rule 5:3-5(c)(1) was not addressed regarding the financial circumstances of the parties other than one statement: "Upon information and belief, . . . [d]efendant can and should contribute to [p]laintiff's fees."

A-2806-23

In a similar vein, defendant argues under Rule 5:3-5(c)(2), plaintiff did not submit or prove anything regarding his ability to contribute towards his own fees or defendant's ability to contribute towards his fees. Defendant's prior attorney filed opposition to plaintiff's counsel's certification of services pointing out plaintiff's financial circumstances are unknown, but that he was either willfully refusing or not financially able to pay his six dollars per week child support obligation.

Based upon our review of the record, we conclude the judge did not make sufficient findings under Rules 5:3-5(c)(1) and 5:3-5(c)(2), 4:42-9, and RPC 1.5(a) regarding the financial circumstances of the parties and defendant's ability to pay plaintiff's counsel fees and costs. Thus, we are constrained to reverse paragraphs one, two, and three of the April 3, 2024 order awarding plaintiff attorney's fees and costs and remand for the judge to consider these requisite factors and conduct the appropriate analysis.

We note the judge did mention that defendant earned "$70,000 plus" during the 2023 tax year based on her W-2, but that was the extent of the analysis. No case information statements were submitted for the judge's consideration. The judge also failed to consider that defendant did not seek to have plaintiff contribute to her fees.

11

B.

Next, defendant argues the judge failed to consider Rule 5:3-5(c)(3), the reasonableness and good faith positions advanced by the parties both during and prior to trial. According to defendant, plaintiff's counsel and the judge failed to address the reasonableness of plaintiff's positions throughout the litigation. Defendant asserts the judge's finding of bad faith on her part was "objectively questionable" because if plaintiff had explained the reasonableness of his position, then the judge could have found her position was equally valid. We disagree.

On this factor, the judge explicitly mentioned the reasonableness of the parties' positions in his January 26, 2024 decision. Moreover, the judge highlighted plaintiff's positions relating to custody and parenting time were reasonable because he had to enforce prior court orders and ensure the best interests of the child. We discern no abuse of discretion on this factor.

Defendant argues a parent's position in a custody litigation matter comes with a presumption of good faith and that the request is made in the best interests of their child. See Moriarty v. Bradt, 177 N.J. 84, 101-04 (2003). She argues courts have defined bad faith as "not simply bad judgment or negligence, rather[,] it implies the conscious doing of a wrong because of dishonest purpose

A-2806-23

or moral obliquity.  It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will."  Borzillo v. Borzillo, 259 N.J. Super. 286, 292 (Ch. Div. 1992).

Defendant also cites Kelly v. Kelly, 262 N.J. Super. 303 (Ch. Div. 1992), for the proposition that plaintiff failed to provide sufficient evidence of her bad faith.  In Kelly, the trial court found that "so long as the position assumed is not motivated by an attempt to 'torture' the other party, bad faith cannot be found." Id. at 310.  In the matter under review, defendant avers most of the litigation throughout the years was instituted by plaintiff and not her.  Further, defendant argues that "even if there was bad faith, an award based on bad faith is simply to compensate the other party for fees reasonably expended."  See Mayer v. Mayer, 180 N.J. Super. 164, 169 (App. Div. 1981); Yueh v. Yueh, 329 N.J. Super. 447, 468-69 (App. Div. 2000).

Defendant contends "counsel fees may not be assessed in a family action as a sanction for asserting an unsuccessful claim or raising an unsuccessful defense."  See Darmanin v. Darmanin, 224 N.J. Super. 427, 428 (App. Div. 1988); Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997) (an award of fees should not be imposed merely as a punitive measure); Savoie v. Savoie, 245 N.J. Super. 1, 7-8 (App. Div. 1990) (an award of fees may not be based

solely on the desire or need to punish a party); <u>P.T. v. M.S.</u>, 325 N.J. Super. 193, 220 (App. Div. 1999) (sanctions should not be used for the purpose of punishment).

Here, the judge provided detailed reasons for finding that <u>Rule</u> 5:3-5(c)(3) weighed in favor of awarding plaintiff counsel fees and costs. The judge carefully considered the purpose of awarding counsel fees to a party when bad faith is present, or "to protect the innocent party from unnecessary costs and to punish the guilty party." <u>Welch v. Welch</u>, 401 N.J. Super. 438, 448 (Ch. Div. 2008) (citing <u>Yueh</u>, 329 N.J. Super. at 461). The judge reasoned an award of counsel fees can be used to prevent a "maliciously motivated party from inflicting economic damage," to another party. <u>Kelly</u>, 262 N.J. Super. at 307. In addition, the judge emphasized that when a court finds there is bad faith, the innocent party who seeks counsel fees does not need to show a financial need for a counsel fee award. <u>Ibid.</u> <u>See also</u> <u>Yueh</u>, 329 N.J. Super. at 461. Instead, the judge reasoned a showing of bad faith includes:

> the intentional non-compliance with court [o]rders and settlement agreements; (2) seeking relief that one knows or should know that no reasonable argument could be advanced in fact or law in support hereof; and (3) misrepresentation of facts or law designed or intended to discharge or improperly limit equitable distribution or support obligations.

14

[Borzillo, 259 N.J. Super. at 293-94.]

Moreover, the judge found defendant lied under oath when she stated she had never been arrested. Defendant also admitted she "lied" in a previous custody proceeding with her current husband regarding abuse, in an attempt to obtain sole custody of their son. And, defendant was likewise incredulous in relation to her allegation that plaintiff sexually touched the child, as the child told defendant it happened, but defendant nonetheless never reported the alleged incident to the police.

The judge determined this alleged incident was an "illusory account drummed up by defendant to attempt to ensure plaintiff is banned from her life and the child's life." Thus, we are satisfied the judge made the requisite findings for a showing of bad faith under Rule 5:3-5(c)(3).

C.

Next, defendant argues the judge incorrectly analyzed Rule 5:3-5(c)(4), the extent of fees incurred by both parties. By way of example, defendant argues plaintiff's counsel improperly submitted invoices, which totaled $185,958.11. Defendant challenges the invoices on the basis the actual incurred fees exceeded the scope of the retainer agreement and the plenary hearing because the retainer agreement was limited to "research and review of claims only" and did not

specifically include pleadings or court appearances. Defendant also questions a $15,000 charge for professional services performed subsequent to the plenary hearing.

When calculating the amount of reasonable attorney's fees, courts must determine the lodestar, defined as the "the number of hours reasonably expended multiplied by a reasonable hourly rate." Rendine, 141 N.J. at 334-5. Factors that the court must consider when awarding attorney's fees include the RPC 1.5(a) factors. Hansen v. Rite Aid Corp., 253 N.J. 191, 213-14 (2023) (quoting RPC 1.5(a)).

"The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22 (2004). Therefore, the amount of the lodestar "may be reduced[.]" R.M. v. Sup. Ct. of N.J., 190 N.J. 1, 11 (2007). Ultimately, the "goal is to approve a reasonable attorney's fee that is not excessive." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 388 (2009).

Our review of the record reveals the judge failed to explain why he considered fees involving motions defendant was not involved with in rendering the counsel fee award. For example, plaintiff filed a motion to implead the Somerville School District and a motion to compel discovery not seeking relief

or compliance from defendant. The judge's award is also inconsistent because in some instances duplicate staffing charges were deducted, while other similar entries had no deduction. On remand, the judge shall consider his analysis under Rule 5:3-5(c)(4) anew and consistent with our holding in J.E.V., 426 N.J. Super. at 494.

## D.

Defendant maintains the judge incorrectly analyzed Rule 5:3-5(c)(5) because he considered the $750 that the Somerville School District paid as contribution although this order did not concern her. Defendant points out there was "no prior order in which fees were previously awarded," as plaintiff previously applied for and was denied an award of counsel fees on the basis he "did not engage in good faith."

Defendant's argument has merit. On remand, the judge shall make the requisite findings under Rule 5:3-5(c)(5) relative to the $750 paid by the Somerville School District.

## E.

Regarding Rule 5:3-5(c)(6), defendant claims the judge improperly analyzed this factor because the record is devoid of any documented proof of payments made to plaintiff's counsel. For instance, there is reference to an

17

$84,500 payment made by plaintiff, but such payment was unsupported by any proof. Additionally, defendant contends the judge found she incurred $31,000 in counsel fees when, realistically the amount was much higher. Defendant further questioned why the $31,000 amount was reduced, without explanation, to $14,812.61.

On remand, the judge shall make appropriate findings under Rule 5:3-5(c)(6) and consider defendant's argument that the $31,000 in counsel fees represents the amount she paid to her newly retained counsel, not what she incurred previously in making his determination.

### F.

Next, defendant argues the judge improperly analyzed Rule 5:3-5(c)(7), which overlaps with RPC 1.5(a)(4), by finding it weighs in plaintiff's favor. Defendant argues the judge's decision on custody and parenting time was "punitive" towards her but were not in plaintiff's favor either because the order awarded plaintiff's parents temporary sole custody of the child. Defendant maintains plaintiff previously had a "near shared equal parenting arrangement," and the new January 26, 2024 order relegated him to supervised parenting time with a limited schedule. We are unpersuaded.

18

While the judge recognized plaintiff's motion for sole legal and residential custody was denied, the judge recognized plaintiff was the prevailing party at the plenary hearing. Plaintiff was awarded full custody, with his parents being granted temporary custody until reunification therapy was completed. Therefore, we reject defendant's argument that Rule 5:3-5(c)(7) was not properly analyzed.

G.

Defendant maintains the judge failed to address Rule 5:3-5(c)(8), the degree to which fees were incurred to enforce existing orders to compel discovery. Defendant points out plaintiff did not file any motions to compel discovery against her individually. The only motion filed to compel discovery involved the Somerville School District. Plaintiff's counsel certified defendant was "non-responsive and untruthful" in regard to discovery but did not detail what fees plaintiff incurred to enforce any specific discovery orders.

Here, the judge merely stated "there was an issue with . . . defendant being not responsive to discovery," and he did not elaborate further. On remand, the judge shall conduct the requisite analysis and make appropriate findings under Rule 5:3-5(a)(8).

A-2806-23

## H.

Defendant argues the judge explicitly stated that <u>Rule</u> 5:3-5(a)(9), any other factor bearing on the fairness of the award, weighed in favor of plaintiff but did not undertake the requisite analysis. It is unclear from the record whether the judge incorporated the bad faith analysis into his decision. On remand, the judge shall provide the requisite analysis and findings under <u>Rule</u> 5:3-5(c)(9).

## IV.

The judge also analyzed the RPC 1.5(a) factors and supplemented his findings by considering "the nature and extent of the services rendered; and the reasonableness of the fees." <u>Mani v. Mani</u>, 183 N.J. 70, 94-95 (2005). In her opposition papers, defendant argued the matter was essentially an "FD summary action" involving custody and parenting time and was "over-lawyered" by plaintiff's counsel. Defendant contends plaintiff did not cooperate with the police or DCPP, and no expert witnesses were retained.

In his decision, the judge only stated, "certainly there was time and labor required by [plaintiff's] attorney[s']," and "this has been an ongoing parenting time issue and custody issue spanning months and months, if not years and years." Defendant reiterates the plenary hearing only spanned four days, the

A-2806-23

issues were "simple," but failed to find how plaintiff's attorneys were precluded from other work.

The judge did not explain how the requested amount of $186,611.11 by plaintiff was reasonable in sufficient detail. We note the judge considered certain duplicative and unnecessary services, and the payment from the Somerville School District, and reduced plaintiff's counsel's requested hourly fee from $425 to $415 per hour. There is an inadequate discussion of the RPC 1.5(a) factors, warranting a remand.

In sum, we conclude the judge did not make detailed findings under Rules 5:3-5(c), 4:42-9, and RPC 1.5(a) as stated in this opinion. Thus, we reverse and remand for the judge to consider the requisite factors and conduct the appropriate analyses. We have no opinion on the outcome of the counsel fee decision.

We conclude the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

21

A-2806-23