**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1037-23

PROGRESSIVE GARDEN STATE
INSURANCE COMPANY, DRIVE
NJ INSURANCE COMPANY, and
PROGRESSIVE SPECIALTY
INSURANCE COMPANY,

      Plaintiffs-Respondents,

v.

ALLSTATE NJ INSURANCE
COMPANY,

      Defendant-Appellant.

_____

Argued January 8, 2025 – Decided August 13, 2025

Before Judges Rose, DeAlmeida, and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket Nos. L-1762-22 and L-0328-23.

David J. Dickinson argued the cause for appellant (Tango, Dickinson, Lorenzo, McDermott & McGee, LPP, attorneys; David J. Dickinson, on the briefs).

Robert A. Maren argued the cause for respondents (Vella & Maren, attorneys; Robert A. Maren, on the brief).

PER CURIAM

Defendant Allstate NJ Insurance Company (Allstate) appeals from three Law Division orders: (1) the October 23, 2023 order vacating seven arbitration awards granting medical expense payment (Med-Pay) benefits subrogation in favor of Allstate and against plaintiffs Progressive Garden State Insurance Company, Drive NJ Insurance Company, and Progressive Specialty Insurance Company (collectively, Progressive); (2) the October 23, 2023 order vacating two arbitration awards granting Med-Pay benefits subrogation in favor of Allstate and against Progressive; and (3) the November 3, 2023 order denying as moot Allstate's motion to enforce a subpoena it served on Arbitration Forums, Inc. (AFI), the entity that issued the awards. We affirm.

I.

Allstate and Progressive were parties to a Medical Payment Subrogation Arbitration Agreement (Agreement) applicable in all fifty states in which they agreed to submit Med-Pay benefits disputes to arbitration. The Agreement provides that "no company shall be required, without its written consent, to arbitrate any claim or suit if . . . it creates any cause of action or liabilities that

2

do not currently exist in law or equity" or "[Med-Pay] subrogation claims are prohibited by statute or judicial decision."  The parties selected AFI as the arbitration forum under the Agreement.

Between July 9, 2020 and September 20, 2022, Allstate filed nine claims with AFI for Med-Pay benefits subrogation against Progressive.  In each case, Allstate paid Med-Pay benefits in accordance with N.J.S.A. 39:5H-10(c)(2) on behalf of its insured for claims arising from a motor vehicle accident in which Progressive was the insurer of the tortfeasor.  In each instance, Progressive responded by asserting the affirmative defense that Med-Pay subrogation was prohibited in New Jersey and therefore the dispute was outside the scope of the Agreement.

In each case, the arbitrator denied Progressive's affirmative defense based only on the fact Progressive had signed the Agreement.  The arbitrator found in favor of Allstate in each case, concluding Progressive's insured was fully responsible for the accident, and directing Progressive to pay the amounts demanded by Allstate.

Progressive thereafter filed a complaint in the Law Division seeking to vacate seven of the arbitration awards and a subsequent complaint seeking to vacate the remaining two arbitration awards.  Progressive alleged the abrogation

A-1037-23

of Med-Pay benefits is prohibited by New Jersey law, which places Allstate's arbitration demands outside the Agreement. Allstate filed counterclaims seeking to confirm the arbitration awards. The court subsequently consolidated the two complaints.

Following discovery, Progressive filed two motions for summary judgment seeking to vacate the arbitration awards. Allstate opposed the motions.

In addition, Allstate filed a motion to enforce litigant's rights to compel AFI to respond to a subpoena requesting all demands for arbitration submitted to AFI for Med-Pay benefits subrogation arising in New Jersey from January 1, 2018 to October 7, 2022. In two sur-reply briefs filed without leave of court, Allstate argued Progressive's summary judgment motion was premature and could not be decided prior to Allstate's receipt of the information it subpoenaed from AFI. Allstate argued the information would establish Progressive took a contrary position in the past and sought subrogation of Med-Pay benefits it paid to its insured, precluding it from opposing Allstate's subrogation claims.

On October 23, 2023, Judge Noah Franzblau issued two written decisions granting Progressive's motions for summary judgment. The judge found the material facts were not in dispute and the sole issue before him was whether

4

New Jersey law permitted claims for Med-Pay subrogation and therefore allowed Allstate's claims to be arbitrated under the agreement.

In each decision, Judge Franzblau summarized the disputed legal issue as follows:

> Here, Progressive is seeking to vacate the arbitration awards under N.J.S.A. 2A:23B-23 on the basis that Med-Pay subrogation claims are barred by the statutory collateral source rule, N.J.S.A. 2A:15-97 and relevant case law, and therefore the AFI arbitrator[s] exceeded [their] authority in arbitrating the claims. Allstate contends that the arbitration award[s are] consistent with New Jersey law and claims practice, and therefore, the claims are subject to arbitration. Specifically, Allstate contends that N.J.S.A. 2A:15-97 is not applicable and, instead, Med-Pay subrogation claims are permitted under the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1 [to -35] (AICRA).

The judge concluded that

> no provision within AICRA addresses or provides for Med-Pay benefits or subrogation of Med-Pay claims. Rather, AICRA refers expressly to [Personal Injury Protection (PIP)] benefits. See Ingersoll v. Aetna Cas. & Sur. Co., 138 N.J. 236, 239 (1994) (establishing that Med-Pay portion of an automobile policy does not fall within the purview of AICRA, including specifically N.J.S.A. 39:6A-4 or N.J.S.A. 39:6A-10); Warnig v. Atl. Cty. Special Servs., 363 N.J. Super. 563, 567 (App. Div. 2003) (concluding that AICRA is limited to PIP and does not extend to Med-Pay).

In support of his decision, Judge Franzblau noted our observation in Warnig that the Legislature amended the AICRA in 2003, nearly a decade after the Court issued Ingersoll in 1994, and therefore the Legislature was aware the Court had interpreted the statute but did not address Med-Pay benefits. Yet, in the 2003 amendments the Legislature made no provision for Med-Pay benefits under the AICRA. The judge found the legislative non-action supported the inference the Legislature accepted the Court's interpretation of the statute.

In addition, Judge Franzblau noted our holding in Warnig that

> Med-Pay benefits represent a very narrow window of coverage to a limited class of persons who . . . are ineligible for PIP benefits. Ingersoll, 138 N.J. at 240. Given the narrow reach of these benefits, we cannot conclude that the Legislature intended them to be treated like PIP benefits pursuant to N.J.S.A. 39:6A-6 . . . but neglected to say so.
>
>    Prudential wants this court to treat Med-Pay benefits like PIP benefits. It argues that the policy of both benefits is the same and therefore to be fair they should be treated alike. That may be so, but that is an argument to be addressed by our Legislature in light of the plain language of the [AICRA] that does not mention Med-Pay benefits.
>
> [Warnig, 363 N.J. Super. at 571-72 (footnote omitted).]

Judge Franzblau noted that the argument we rejected in Warnig "is the precise argument advanced by Allstate" before him. The judge concluded "[f]or the

6

same reasons explained by <u>Warnig</u>, this [c]ourt finds that statutory provisions of AICRA are inapplicable to Med-Pay."

The judge also rejected Allstate's argument that Med-Pay coverage can be derived from the AICRA statutory framework. The judge explained:

> Med-Pay is established in N.J.A.C. 11:3-7.3(b), a regulation promulgated by the New Jersey Commissioner of Banking and Insurance. <u>Ingersoll</u>, 138 N.J. at 239. With respect to civil matters that are not subject to the AICRA statute, the parties are therefore subject to the collateral source rule embodied in N.J.S.A. 2A:15-97.

Judge Franzblau followed the rationale in <u>Perreira v. Rediger</u>, 169 N.J. 399 (2001), and <u>County of Bergen Employee Health Benefits Plan v. Horizon Blue Cross Blue Shield of N.J.</u>, 412 N.J. Super. 126 (App. Div. 2010), both of which confirmed the purpose underlying N.J.S.A. 2A:15-97 is twofold: "to eliminate the double recovery to plaintiffs that flowed from [the] common-law collateral source rule and to allocate the benefit of that change to liability carriers." (citing <u>Perreira</u>, 169 N.J. at 403; <u>Cnty. of Bergen</u>, 412 N.J. Super. at 133).

The judge concluded:

> Like those cases, in this case, the payments made by Allstate to [its] insured were non-PIP medical benefits, and therefore subject to N.J.S.A. 2A:15-97. N.J.S.A. 2A:15-97's "broad language [prohibiting subrogation]

7

is only curtailed by its own statutory exceptions (workers' compensation benefits and life insurance proceeds), which are not applicable here . . . ." Cnty. of Bergen, 412 N.J. Super. at 137.

As acknowledged by County of Bergen, the "Legislature intended that 'benefits under Section 97 were to include "insurance-type benefit[s]" such as life or health insurance policies, social security, welfare payments and pension benefits.'" Id. at 137. Since the Med-Pay benefits in this case are not workers' compensation benefits nor life insurance proceeds, as enumerated by N.J.S.A. 2A:15-97, they are not excepted from the effect of the collateral source rule within N.J.S.A. 2A:15-97, and therefore, they are not recoverable by way of subrogation in New Jersey.

Thus, the judge concluded Med-Pay subrogation is prohibited by New Jersey law and not subject to arbitration under the Agreement. In light of that conclusion, Judge Franzblau found the arbitrators exceeded their authority when they issued the arbitration awards in favor of Allstate.

The judge also rejected Allstate's argument Progressive's summary judgment was premature, concluding the information sought in the subpoena served on AFI was irrelevant to the legal issue of the validity of the arbitration awards. While acknowledging Progressive's concession it previously sought subrogation of Med-Pay benefits, Judge Franzblau concluded estopping Progressive from opposing Allstate's subrogation claims would result "in a

A-1037-23

perversion of justice" requiring the court to affirm arbitration awards issued without authority.

Two October 23, 2023 orders memorialized the judge's decisions granting summary judgment to Progressive and his decision to vacate the nine arbitration awards. A November 3, 2023 order denied Allstate's motion in aid of litigant's rights as moot. This appeal followed.

Progressive argues the trial court erred because: (1) the arbitrators had the authority to decide whether a condition precedent to compel arbitration was met; (2) the arbitrators correctly decided Med-Pay benefits were subject to subrogation; (3) Med-Pay benefits are subject to subrogation under the AICRA; (4) N.J.S.A. 2A:15-97 does not bar Med-Pay subrogation claims; and (5) summary judgment was granted prematurely as AFI had not responded to Allstate's subpoena, which would have produced evidence supporting Allstate's judicial estoppel argument.

## II.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

A-1037-23

show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523-24 (1995).

The decision to confirm or vacate an arbitration award is reviewed de novo. Bound Brook Bd. of Educ. v. Ciripompa, 442 N.J. Super. 515, 520 (App. Div. 2015). We are mindful that "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015) (citing Cnty. Coll. of Morris Staff v. Cty. Coll. of Morris Staff Ass'n, 100 N.J. 383, 390 (1985)). "[T]o ensure finality, as well as to secure arbitration's speedy and inexpensive nature, there exists a strong preference for judicial confirmation of arbitration awards." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (quoting Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 10 (2007)).

Whether an arbitrator exceeded their authority "entails a two-part inquiry: (1) whether the agreement authorized the award, and (2) whether the arbitrator's action is consistent with applicable law." Id. at 212. "[A]n arbitrator may not disregard the terms of the parties' agreement, nor may he rewrite the contract for the parties." Cty. Coll. of Morris, 100 N.J. at 391. Moreover, "the arbitrator may not contradict the express language of the contract." Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel: Mizichko, 202 N.J. 268, 276 (2010). In addition, "purely legal" questions should not be resolved through arbitration. See AAA

11

Mid-Atlantic Ins. of N.J. v. Prudential Prop. & Cas. Ins. Co., 336 N.J. Super. 71, 77 (App. Div. 2000) (purely legal issues are within the expertise of the court rather than arbitrators).

Under the New Jersey Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32, a court may only vacate an arbitration award under specific narrow grounds. Relevant here, an arbitration award may be vacated where "an arbitrator exceeded the arbitrator's powers." N.J.S.A. 2A:23B-23(a).

Having reviewed Allstate's arguments in light of the record and applicable legal principles, we affirm the orders on appeal substantially for the reasons stated by Judge Franzblau in his thorough and well-reasoned written decisions. Allstate made no convincing argument we should depart from the longstanding precedents and clear statutory provisions prohibiting subrogation of Med-Pay benefits. Allstate's arguments Med-Pay benefits should be subject to subrogation are best addressed to the Legislature, which has not altered the settled precedents or amended N.J.S.A. 2A:15-97 to permit subrogation of Med-Pay benefits notwithstanding its authority to do so. Defendants raise no issues on appeal that warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1037-23